UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DARREN ANTHONY YOUNGBLOOD**  CIVIL ACTION

**VERSUS**  NO. 15-6203

**SHERIFF MARLIN N. GUSMAN, ET AL.**  SECTION: "E"(1)

## REPORT AND RECOMMENDATION

Plaintiff, Darren Anthony Youngblood, a state pretrial detainee, filed this *pro se* and *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983. He sued Orleans Parish Sheriff Marlin N. Gusman, Captain Johnson, Lieutenant Holmes, and Sergeant Watson. In this lawsuit, plaintiff claims that he became ill after being exposed to raw sewage and fumes after a pipe burst while he was confined within the Orleans Parish Prison system.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

>A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Applying the foregoing provisions of law, the undersigned recommends that, for the following reasons, plaintiff's complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## II.  Plaintiff's Claim

To better understand the factual bases of plaintiff's claim, the Court held a Spears hearing on January 21, 2016.  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[2]  Based on his complaint, broadly construed,[3] and his Spears hearing testimony, the Court finds that plaintiff is making the following allegations in this lawsuit:  While plaintiff was a pretrial detainee confined within the Orleans Parish Prison system, a sewer pipe burst on the first floor of the building in which he was incarcerated on April 27, 2015.  Although he was housed on the second floor, he was nevertheless still exposed to the resulting foul odors and fumes.  Additionally, during the three days it took for officials to fix the problem and clean the area, plaintiff was required to walk through the contaminated section of the first floor in order to leave the building for court

---

[2] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998).  The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996).  Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

[3] The Court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

appearances on two occasions. He alleges that, as a result his exposure to the odors, fumes, and the raw sewage, he became ill, experiencing headaches, nausea, diarrhea, fever, and a sore throat. He requested and received medical attention and treatment for those ailments.

It is clear that "the Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment." Collins v. Ainsworth, 382 F.3d 529, 540 (5th Cir. 2004) (internal quotation marks omitted). Here, however, there is no allegation that he was exposed to the odors, fumes, and sewage as a form of punishment. Rather, the exposure resulted from an unintended and wholly accidental plumbing problem, and it is clear that "[a]ccidents alone are not constitutional violations." Harding v. City and County of San Francisco, 602 Fed. App'x 380, 382 (9th Cir. 2015).

In any event, although the conditions about which plaintiff complains were unquestionably unpleasant, it must be noted that an inmate's exposure to short-term sanitation problems generally does not amount to a constitutional violation. See Smith v. Copeland, 87 F.3d 265, 269 (8th Cir. 1996) (no constitutional violation when prisoner was exposed for four days to raw sewage from overflowed toilet in his cell); see also Knop v. Johnson, 977 F.2d 996, 1013 (6th Cir. 1992); Magee v. Crowe, Civ. Action No. 09-3142, 2010 WL 630011, at *8-9 (E.D. La. Feb. 19, 2010); Eady v. Head, No. CIVASA04CA0648, 2006 WL 2663776, at *3 (W.D. Tex. Sept. 15, 2006). Moreover, the temporary conditions plaintiff endured in this case fell far short of the type of extreme conditions which have been found unconstitutional by the United States Fifth Circuit Court of Appeals. See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (finding unconstitutional "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls.").

In summary, although the undersigned does not doubt that the conditions at issue were distasteful and distressing, that alone is insufficient to warrant relief. Rather, plaintiff must be able to show that the defendants' actions in exposing him to the conditions rose to the level of a federal constitutional violation. That showing simply cannot be made under the facts of this case.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-fifth day of January, 2016.

_____
 **SALLY SHUSHAN**
 **UNITED STATES MAGISTRATE JUDGE**